**Pablo SANCHEZ, Plaintiff–Appellant,**

v.

**UNITED STATES of America, Defendant–Appellee.**

**No. 566, Docket 86–6198.**

United States Court of Appeals, Second Circuit.

Motion for Recall of Mandate Submitted Oct. 26, 1987.

Decided Feb. 5, 1988.

Edward Cherney, New York City (Breadbar & Garfield, New York City, of counsel), for plaintiff-appellant.

Charles E. Knapp, Asst. U.S. Atty., Brooklyn (Andrew J. Maloney, U.S. Atty., for the Eastern District of New York, Robert L. Begleiter, Asst. U.S. Atty., Brooklyn, of counsel), for defendant-appellee.

Before MANSFIELD,[*] PIERCE and MAHONEY, Circuit Judges.

PER CURIAM:

On March 12, 1987, we reversed a judgment of the United States District Court for the Eastern District of New York, Eugene Nickerson, *Judge,* entered pursuant to a decision granting the government's motion to dismiss Sanchez's complaint on the ground that *Feres v. United States,* 340 U.S. 135, 71 S.Ct. 153, 95 L.Ed. 152 (1950), barred the suit under the Federal Tort Claims Act, 28 U.S.C. §§ 2671–2680 (1982). *See Sanchez v. United States,* 813 F.2d 593 (2d Cir.1987). This Court found that, of the three rationales traditionally thought to explain the *Feres* doctrine, *see generally Stencel Aero Eng'g Corp. v. United States,* 431 U.S. 666, 671–72, 97 S.Ct. 2054, 2057–58, 52 L.Ed.2d 665 (1977), one had become recognized as *Feres*'s primary rationale—that of avoiding judicial "second-guessing" of military decision-

making and preserving military discipline. *See, e.g., United States v. Shearer,* 473 U.S. 52, 57, 58 n. 4, 105 S.Ct. 3039, 3043, n. 4, 87 L.Ed.2d 38 (1985) (stating that the key questions are "whether the suit requires the civilian court to second-guess military decisions ... and whether the suit might impair essential military discipline" and that *Feres*'s other two rationales are "no longer controlling"); *Bozeman v. United States,* 780 F.2d 198, 201 (2d Cir.1985) ("military discipline" is the chief rationale for the *Feres* doctrine); *see also Chappell v. Wallace,* 462 U.S. 296, 299–300, 103 S.Ct. 2362, 2365, 76 L.Ed.2d 586 (1983) (*Feres* best explained by the "military discipline" rationale). This conclusion was consistent with the views of other Circuits. *See, e.g., Johnson v. United States,* 749 F.2d 1530, 1538–39 (11th Cir.1985), *aff'd on rehearing en banc,* 779 F.2d 1492 (11th Cir.1986), *rev'd,* — U.S. ——, 107 S.Ct. 2063, 95 L.Ed.2d 648 (1987); *Johnson v. United States,* 704 F.2d 1431, 1436 (9th Cir.1983); *Monaco v. United States,* 661 F.2d 129, 132 (9th Cir.1981), *cert. denied,* 456 U.S. 989, 102 S.Ct. 2269, 73 L.Ed.2d 1284 (1982). In our earlier decision, we concluded that it was not inevitable that military decision-making would be questioned as a result of this litigation and that it was too early in the proceedings to determine whether Sanchez's injuries "arise out of or are in the course of activity incident to service." Consequently, we remanded for further proceedings, cautioning that *Feres* may yet be applicable to the case if it became clear as the litigation progressed that military decision-making would be questioned. 813 F.2d at 596. Appellee petitioned for and was denied a rehearing in May 1987.

Appellee subsequently moved in October 1987 to recall this Court's mandate in light of two recent Supreme Court decisions, *United States v. Johnson,* — U.S. ——, 107 S.Ct. 2063, 95 L.Ed.2d 648 (1987), and *United States v. Stanley,* — U.S. ——, 107 S.Ct. 3054, 97 L.Ed.2d 550 (1987). In a 5–4 decision, the Supreme Court in *John-*

---

[*] Judge Mansfield participated in the oral argument in this case and voted before his death on January 7, 1987, in favor of the prior disposition reached by this panel and reported at 813 F.2d 593 (2d Cir.1987).

*son* held that a suit involving injuries that were "incident to service" was barred by *Feres* even if the complaint alleged negligence by civilian rather than military employees of the Federal government. In the decision, the Supreme Court reaffirmed the vitality of "the three broad rationales underlying *Feres*," 107 S.Ct. at 2068-69, and rejected the Eleventh Circuit's in banc decision that *Feres* did not bar the suit because the "military discipline" rationale constituted *Feres*'s primary justification, *id.* at 2065-66. Subsequently, in *Stanley*, the Supreme Court held that no *Bivens* remedy is available, even against civilian government personnel, when the alleged injuries were incident to military service. Using the *Feres* doctrine as its guide in the *Bivens* context, the Court rejected a standard for determining the availability of a *Bivens* remedy based solely on the degree of "judicial intrusion upon military discipline" in favor of *Feres*'s "incident to service" test. 107 S.Ct. at 3062-63.

In light of *Johnson* and *Stanley*, we find that a clarification of our prior opinion is in order. We withdraw the conclusion in our prior opinion that the military discipline rationale "has come to be considered the primary rationale of the *Feres* doctrine." Nonetheless, we adhere to our view that, at this preliminary stage in the proceedings, it remains to be seen whether Sanchez's injuries "arise out of or are in the course of activity incident to service." Accordingly, we grant the motion to recall our prior mandate, reverse the decision of the district court, and remand this action for further proceedings in light of the "three broad rationales" underlying *Feres*, and to determine whether the appellant's injuries "arise out of or are in the course of activity incident to service."

The mandate shall issue forthwith.