Pablo SANCHEZ, Plaintiff,

v.

UNITED STATES of America,
Defendant.

No. 86 C 0432.

United States District Court,
E.D. New York.

Nov. 15, 1988.

Breadbar & Garfield, New York City
(Edward Cherney, of counsel), for plaintiff.

Andrew J. Maloney, U.S. Atty., Brooklyn, N.Y. (Charles E. Knapp, Asst. U.S. Atty., of counsel), for defendant.

NICKERSON, District Judge.

Plaintiff Pablo Sanchez brought this action against defendant United States of America under the Federal Tort Claims Act seeking damages for injuries sustained in an automobile accident while he was employed in military service. In a memorandum and order dated August 19, 1986 this court granted defendant's motion to dismiss the complaint based on the reasoning of *Feres v. United States*, 340 U.S. 135, 71 S.Ct. 153, 95 L.Ed. 152 (1950).

On appeal the Court of Appeals reversed. *Sanchez v. United States*, 813 F.2d 593 (2d Cir.1987). After denying defendant's petition for rehearing, the Court of Appeals granted a motion to recall its mandate and issued a modified opinion remanding the case for "further proceedings in light of the 'three broad rationales' underlying *Feres*, and to determine whether [plaintiff's] injuries 'arise out of or are in the course of activity incident to service.' " *Sanchez v. United States*, 839 F.2d 40, 42 (2d Cir.1988). Defendant now moves for summary judgment.

Some of the critical facts are set forth in the court's earlier memorandum and order, familiarity with which is assumed. In addition, the court has considered the following uncontested facts submitted by defendant on this motion.

The Marine Corps restricts use of the service station at the Air Station, Kanoehe, Hawaii to uniformed servicemen and civilians connected with the military mission. On November 4, 1984 the Office of Naval Disability Evaluation found that plaintiff was unfit for duty because of physical disability due to the accident, that his disability might be permanent, and that he incurred the disability in the line of duty and not due to his own misconduct. On November 26, 1984 a Disability Evaluation System Counselor advised plaintiff of the benefits available to him as a result of a military physical disability discharge. These include severance pay, medical care, employment preferences, insurance and loans. On January 14, 1985 plaintiff was awarded $4,759.20 in disability severance pay. Plaintiff currently receives $133 per

month from the Veterans Administration as service-related compensation for his injuries.

Defendant also contends that on the day of the accident, March 10, 1984, plaintiff was on active duty status and submits his Certificate of Release or Discharge from Active Duty reflecting that status on that date. Plaintiff concedes that he was then on "liberty" status but denies that he was on active duty status. He does not submit any support for his claim, or indeed any other facts in opposition to defendant's motion for summary judgment.

In the *Feres* case the Supreme Court held that "the Government is not liable under the Federal Tort Claims Act for injuries to servicemen where the injuries arise out of or are in the course of activity incident to service." 340 U.S. at 146, 71 S.Ct. at 159. The Court denied recovery to three servicemen on active duty when they sustained injury due to the alleged negligence of army personnel. In *United States v. Johnson*, 481 U.S. 681, 107 S.Ct. 2063, 2068–69, 95 L.Ed.2d 648 (1987), the Supreme Court reemphasized the three broad rationales underlying the *Feres* decision: (1) the federal character of the relationship between the Government and members of its armed forces, (2) the compensation scheme and disability benefits provided to members of the armed forces injured during the course of activity incident to service, and (3) the effect on military discipline and effectiveness caused by judicial intrusion into military affairs.

The Court of Appeals, in *Bozeman v. United States*, 780 F.2d 198 (2d Cir.1985), followed the *Feres* decision in denying recovery to a military policeman who was off-duty at the time he was injured. The court explained that military personnel who are on liberty or on leave are still on active duty status. The record here shows that plaintiff was on active duty status when injured.

In the *Feres* opinion, the Supreme Court equated events occurring while an employee was on "active duty" with those "incident to service." *See Major v. United States*, 835 F.2d 641, 643 (6th Cir.1987).

Thus plaintiff's active status itself indicates that his injuries arose out of or were suffered in the course of activity incident to service.

Other factors also suggest that plaintiff's injuries arose out of service-related activity. It is undisputed in this case that use of the Kanoehe base's service station is limited to military personnel and civilians connected to the military mission. Corporal Yracheta, the driver of the car in which the plaintiff was injured, was an authorized patron of the station because of his status as a Marine. Indeed, plaintiff's claim is that his injuries are due to negligent on-base servicing.

As the Court of Appeals directed, this court has considered the three rationales of the *Feres* opinion. With respect to the first, a federal relationship between the government and the plaintiff was established because of his active duty status as a marine.

As to the second rationale—the existence of a remedial scheme to provide "simple, certain and uniform compensation for injuries" to those in the armed services, *Feres*, 340 U.S. at 144, 71 S.Ct. at 158—plaintiff's military status afforded him substantial benefits not available to civilians. Plaintiff received free health care after sustaining his injuries and military disability discharge severance pay. He continues to receive monthly income from the Veterans Administration as compensation for his injuries. Moreover, he remains eligible for free lifetime hospital care and medical treatment at Veterans Administration facilities in addition to various preferences in employment, insurance and loans.

The uncontested evidence submitted by the defendant also shows that the third *Feres* opinion rationale is applicable. The military service established Standing Operating Procedures for the Exchange Automotive Service Station at the Kanoehe facility, and it issued the work order made out to Corporal Yracheta for the repairs that plaintiff alleges were negligently done. A determination of whether there was such negligence might well require review of decisions of the military such as those in-

volving the staffing, training and supervision of the mechanics at the base service station and the procurement of equipment and spare parts. As the Supreme Court noted: "Even if military negligence is not specifically alleged in a tort action, a suit based upon service-related activity necessarily implicates military judgments and decisions that are inextricably intertwined with the conduct of the military mission." *Johnson, supra,* 107 S.Ct. 2069.

Plaintiff is barred from recovery. The motion for summary judgment is granted.

So ordered.